UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **INDEPENDENT BANK** § | | |
|     **PLAINTIFF** § | | |
| § | | |
| V. § | CASE NO. _____ | |
| § | | |
| **YUEJIE INC.,** § | | |
|     **DEFENDANT** § | | |

### ORIGINAL COMPLAINT

Independent Bank seeks to recover a commercial debt owed under a factoring agreement and payable to Independent Bank pursuant to UCC Section 9-607.

### PARTIES & SERVICE

1. Independent Bank is a financial institution organized under the laws of the State of Tennessee with its principal place of business in Tennessee. For diversity purposes, Independent Bank is a corporation.[1] Pursuant to 28 U.S.C. §1332(c)(1), Independent Bank is a citizen of Tennessee.

2. Yuejie Inc. is a California corporation, with its principal place of business in California. Pursuant to 28 U.S.C. §1332(c)(1), Yuejie is a citizen of California. Yuejie may be served with process through its registered agent, Li Li, 13414 S. Figueroa Street, Los Angeles, California 90061.

---

[1] *See, e.g., OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 220 (2d Cir. 2016) ("Congress enacted a provision stating that a state-chartered corporation—which includes state-chartered banks—is a citizen of both the state of incorporation and the state of its 'principal place of business.'").

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists.

4. This Court has personal jurisdiction over Yuejie because it performs a substantial amount of business in Texas and has continuous and systematic contacts with Texas.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this district. Specifically, Yuejie contracted with a company called A&O Direct Jobs to accept services performable in this district. A&O Direct Jobs invoiced Yuejie for those services—the debt owed under those invoices is the subject of this lawsuit. The invoices sent to Yuejie indicated that the account "has been sold, assigned, and is payable at Dallas, TX."

## FACTUAL BACKGROUND

### *The Factoring Agreement: A&O Assigned Yuejie's Invoices to Goodman*

6. Independent Bank conducted the business described in this complaint through a division called Goodman Capital Finance. To avoid confusion with the documents, this complaint will refer to the bank as "Goodman."

7. On March 1, 2024, Goodman and A&O entered into a Factoring Agreement, attached as **Exhibit A** (the "Agreement"). In UCC Article 9 terms, the parties involved in the Agreement are Goodman (the receivables purchaser and

2

secured party), A&O (the receivables seller and assignor), and A&O's customers, including Yuejie (the account debtor).

8.  Under the Agreement, A&O sold its receivables to Goodman, including all invoices owed under the Yuejie account. A&O also granted Goodman a continuing security interest in and lien upon, all existing and future accounts receivable of A&O. (Ex. A ¶ 4).

9.  Goodman perfected its security interest by filing UCC-1 Financing Statements with the California Secretary of State, attached as **Exhibit B**.

*Yuejie Receives Notice of the Assignment*

10. The Agreement authorized Goodman to notify A&O's customers of the assignment and direct the customers to pay their accounts "only to Goodman." (Ex. A ¶ 2(a)). A&O also agreed that its invoices would indicate that the account had been assigned to Goodman and that the debt "is payable directly and only to Goodman." (Ex. A ¶ 4).

11. Goodman provided notice to Yuejie by letter dated January 8, 2024 and attached as **Exhibit C**. The notice directed Yuejie to "make payment of all open and future invoices" directly to Goodman, at a Dallas address. (Ex. B).

12. A&O issued at least 10 invoices to Yuejie after the notice. The invoices are collected as **Exhibit D**. Each invoice was payable directly to Goodman. The invoices also caution Yuejie of the consequences of payment directly to A&O—pursuant to UCC Section 9-406, an account debtor "may not discharge the obligation by paying the assignor." TEX. BUS. & COM. CODE § 9.406(a).

> This account has been sold, assigned, and is payable at Dallas, TX to:
>
> | *If payment made by mail:* | *If payment made by wire transfer:* |
> |---|---|
> | Goodman Capital Finance<br>P.O. Box 29647<br>Dallas, Texas 75229-9647 | Bank: Independent Bank<br>Location: Memphis, TN<br>ABA No: 084008426<br>Beneficiary: Goodman Capital Finance<br>Account No: 3115917 |
>
> Remittance to other than Goodman Factors does not constitute payment of this invoice. Factor must be given notification of any claims, agreements or merchandise returns which would affect the payment of all or part of this invoice on the due date.
> Phone: 972-241-3297 / Fax: 972-241-2506

13. A&O defaulted on its payment obligations to Goodman related to the Yuejie debt.

14. Contrary to the notice, the invoices, and the law, Yuejie either refused to pay the invoices or elected to pay the invoices directly to A&O. In either case, the balance of the invoices is due and immediately owing to Goodman.

### *Unpaid Debt*

15. The balance of the invoices is at least $359,101.94.

### STATUTORY BACKGROUND

16. A secured party with a security interest in accounts receivable is entitled to collect payment directly from the account debtor obligated on the receivable. TEX. BUS. & COM. CODE § 9.607(a). The statute authorizes the secured party to notify the account debtor to make payment directly to the secured party, and to enforce the account debtor's obligation to pay. *Id.* § 9.607(a)(1), (a)(3). The direct enforcement right exists regardless of whether the original creditor defaulted on its obligations to the secured party. *Id.* § 9.607(a) ("If so agreed, and in any event after default . . ."); *see also id.* cmt. 4 ("[T]his section also applies to the collection and enforcement rights of secured parties even if a default has not occurred, as long as the debtor has so

agreed. It is not unusual for debtors to agree that secured parties are entitled to collect and enforce rights against account debtors prior to default.").

17. Once an account debtor receives notice of the assignment, and direction that payment must be made to the secured party, the account debtor may discharge its obligation only by paying the secured party. TEX. BUS. & COM. CODE § 9.406(a). Payment to any other party does not discharge the account debtor's obligation on the receivable. *Id.*

## CLAIMS

18. These facts, and those expressed in the attached exhibits, support the following claims.

### *Count 1: UCC Section 9.607*

19. A&O assigned its Yuejie account to Goodman and granted Goodman a security interest in the account and the proceeds of the account.

20. Goodman and A&O provided notice to Yuejie of the assignment and directed Yuejie to pay the account directly to Goodman.

21. Yuejie failed to pay the account as directed, causing damage to Goodman.

### *Count 2: Money Had & Received*

22. Yuejie holds specific funds, in the form of the proceeds payable on the assigned account, to which Goodman has a superior interest.

23. Yuejie has withheld the funds from Goodman despite notice of Goodman's interest and demand for payment.

24. Yuejie holds funds which, in equity and good conscience, belongs to Goodman.

25. These actions have caused damage to Goodman.

### *Count 3: Unjust Enrichment*

26. Yuejie holds specific funds, in the form of the proceeds payable on the assigned account, to which Goodman has a superior interest.

27. Yuejie has withheld the funds from Goodman despite notice of Goodman's interest and demand for payment.

28. Yuejie has wrongfully secured a benefit or has passively received one which would be unconscionable to retain.

29. Yuejie received this benefit by taking undue advantage, causing damage to Goodman.

### *Count 4: Civil Theft*

30. Goodman owned, had legal possession of, and was entitled to possession of the proceeds of the account.

31. Yuejie assumed and exercised dominion and control over the proceeds of the account, to the exclusion of and inconsistent with Goodman's rights.

32. Goodman made demand for the proceeds of the account.

33. Yuejie refused to pay the proceeds of the account, causing damage to Goodman.

### DAMAGES

34. Goodman seeks actual damages, including payment of the money owed on the account, in the amount of at least $359,101.94.

35. Goodman seeks pre- and post-judgment interest on all amounts due.

36. Goodman seeks to recover its attorneys' fees.

## CONCLUSION & PRAYER

For these reasons, Goodman asks for judgment against Yuejie for actual damages, pre- and post-judgment interest, expenses, and attorneys' fees. Goodman also asks for all other relief to which it may be entitled.

Dated: February 3, 2026.

        Respectfully submitted,

        By: s/ David M. Clem
            **David M. Clem**
            Texas Bar No. 24050428
            david.clem@blankrome.com

            **Megan A. Altobelli**
            Texas Bar No. 24107116
            megan.altobelli@blankrome.com

        **BLANK ROME LLP**
        200 Crescent Court, Suite 1000
        Dallas, Texas 75201
        (972) 850-1450 Main
        (972) 850-1485 D. Clem Direct

        *Counsel for Goodman Capital Finance, a Division of Independent Bank*