**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| INDEPENDENT BANK, | |
| *Plaintiff* | Case No. 3:26-cv-00278-E |
| **v.** | Honorable Judge Ada Brown |
| YUEJIE INC., | Jury Trial Demanded |
| *Defendant.* | |

**THIRD-PARTY COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 14(a)(1), Defendant/Third-Party Plaintiff Yuejie Inc. ("Yuejie") files its Third-Party Complaint against Third-Party Defendants A&O Direct Jobs ("A&O"), Dayana Pagan, and Francisco Lopez (collectively, "Third-Party Defendants") and alleges as follows.

**PARTIES**

1.     Yuejie is a corporation organized under the laws of Hong Kong SAR with principal place of business at Unit E 12/F, Tak Lee Commercial Building, 113-117 Wan Chai Road, Wan Chai, Hong Kong, China.

2.     Upon information and belief, A&O Direct Jobs ("A&O") is a corporation incorporated under the laws of the State of California, with its principal place of business at 11420 Washington Blvd., Whittier, CA  90606. Pursuant to 28 U.S.C. § 1332(c), A&O is a citizen of California. It may be served through its registered agent, Dayana Pagan, at 11420 Washington Blvd., Whittier, CA  90606 or wherever she may be found.

3.     Upon information and belief, Dayana Pagan is an individual resident of California and CEO of A&O. She may be served with process at her home at (a) 4005 Humboldt Lane, Yorba

1

Linda, California 92886, or (b) 11420 Washington Blvd., Whittier, CA  90606, or (c) wherever she may be found.

4.    Upon information and belief, Francisco Lopez is an individual resident of California and vice president of A&O. He may be served with process at his home at (a) 13110 Neff Rd La Mirada, CA 90638, or (b) 11420 Washington Blvd., Whittier, CA  90606, or (c) wherever he may be found.

**JURISDICTION AND VENUE**

5.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000,  exclusive of interest and costs, and complete diversity exists.

6.    This Court has personal jurisdiction over A&O because it performs a substantial amount of business in Texas and has continuous and systematic contacts with Texas.

7.    This Court has personal jurisdiction over Ms. Pagan because she performs a substantial amount of business in Texas and has continuous and systematic contacts with Texas.

8.    This Court has personal jurisdiction over Mr. Lopez because he performs a substantial amount of business in Texas and has continuous and systematic contacts with Texas.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this district. Specifically, Yuejie and A&O entered into an Independent Contractor Services Agreement ("Contractor Agreement") for the provision of services in Texas and more specifically, the contract calls for venue under "the laws of the State of [the state where the business occurs]", in this case Texas.

10.     Third-Party Defendants Pagan and Lopez, as officers and agents of A&O, provided services under A&O to Yuejie within this judicial district at Yuejie's facility in Grapevine, Texas. In addition, A&O, Pagan, and Lopez, jointly and/or individually, caused harm in this Judicial District.

11.     As such, Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

12.     On June 2, 2025, Yuejie and A&O entered into an Independent Contractor Services Agreement whereby A&O was to provide personnel for Yuejie's facilities, including the facility in Grapevine, Texas.  The agreement was signed on behalf of A&O by Francisco Lopez, VP of A&O Direct Jobs.  A copy of the Agreement is attached hereto as Exhibit A.

13.     In its Complaint, Plaintiff has alleged that A&O entered into a factoring agreement with Plaintiff on March 1, 2024 (the "Factoring Agreement"), whereby A&O allegedly sold to Plaintiff A&O's receivables.  The purported agreement is signed by Dayana Pagan, CEO of A&O.

14.     Plaintiff has also alleged that on January 8, 2024, A&O sent a "Notification Agreement" to Yuejie regarding the Factoring Agreement and instructing Yuejie to send payment for invoices to "Goodman Capital" in Dallas, Texas, which Yuejie understands to be Plaintiff or its predecessor/affiliate.

15.     Between June 10, 2024, and August 14, 2025, Yuejie made 37 payments for invoices to Plaintiff, totaling $2,439,997.76, for services provided by A&O under the Contractor Agreement.  Each of these invoices was provided to Yuejie by A&O and contained instructions from A&O to provide payment to Plaintiff.

3

16. On September 3, 2025, Mr. Lopez, Vice President of A&O, sent an email on behalf of A&O directing Yuejie to send further payments to A&O's account at US Bank. *See* Ex. B.

17. From September 3, 2025, until October 15, 2025, Yuejie paid seven invoices to A&O for amounts totaling $410,000.00.

18. On September 29, 2025, Plaintiff filed suit against A&O and Ms. Pagan for breach of contract and breach of security agreement. *Independent Bank v. A&O Direct Jobs et al.*, No. 3:25-cv-2643, Dkt. No. 1 (E.D. Tex., Sep. 29, 2025). On February 11, 2026, the Clerk of the Court entered default against A&O and Ms. Pagan in that matter. *Id.* at Dkt. No. 8.

19. Plaintiff has now brought a lawsuit against Yuejie, asserting claims for violation of UCC Section 9.607, "Money Had & Received", unjust enrichment, and civil theft. *Compl.* at ¶¶ 18-33. Plaintiff seeks damages in the amount of $359,101.94 for invoices that Yuejie paid to A&O at the direction of A&O, Ms. Pagan, and Mr. Lopez's instructions.

20. The Contractor Agreement was executed on behalf of A&O by Francisco Lopez, in his capacity as Vice President of A&O — the same individual who would later send the fraudulent September 3, 2025, email directing Yuejie to redirect invoice payments to A&O.

21. The Contractor Agreement expressly obligated A&O to indemnify, defend, and hold harmless Yuejie and its officers, directors, agents, and representatives from and against all claims, damages, losses, and expenses, including attorneys' fees, arising out of or resulting from A&O's performance of services, A&O's breach of the Contractor Agreement, or any act or omission of A&O or anyone A&O employs or controls.

22. The Contractor Agreement further expressly obligated A&O to comply with all applicable laws in the performance of services thereunder.

4

23.    Dayana Pagan, as CEO of A&O, executed the Factoring Agreement with Plaintiff on behalf of A&O. As a result, Ms. Pagan had direct and personal knowledge of A&O's obligations to Plaintiff under the Factoring Agreement, including A&O's obligation to ensure that receivables were remitted to Plaintiff.

24.    At the time Mr. Lopez sent the September 3, 2025, email directing Yuejie to redirect invoice payments to A&O's US Bank account, both Ms. Pagan and Mr. Lopez were aware of A&O's obligations under the Factoring Agreement and knew that the redirection of payments away from Plaintiff was in direct violation of those obligations.

25.    A&O, Ms. Pagan, and Mr. Lopez acted in concert to redirect Yuejie's invoice payments to A&O, knowing that doing so would expose Yuejie to liability to Plaintiff.

26.    Yuejie acted in good faith and in reasonable reliance on the payment instructions provided by A&O, Ms. Pagan, and Mr. Lopez at all relevant times. Yuejie received no independent benefit from the payments it made to A&O pursuant to the fraudulent September 3, 2025, instructions.

27.    To the extent any liability is imposed upon Yuejie in this action, such liability is wholly attributable to the wrongful conduct of A&O, Ms. Pagan, and Mr. Lopez.

### COUNT I - FRAUD

28.    Yuejie incorporates by reference its allegations in Paragraphs 1-27 above as if fully set forth herein.

29.    Third-Party Defendants knowingly made false representations of material fact to Yuejie regarding the proper recipient of Yuejie's invoice payments.

30.    Third-Party Defendants made these false representations with knowledge of their falsity, or recklessly without any knowledge of their truth as a positive assertion.

5

31.    Third-Party Defendants made these false representations with the intent that Yuejie rely upon them.

32.    Yuejie justifiably relied on Third-Party Defendants' false representations.

33.    Yuejie suffered damages as a direct and proximate result of that reliance, including the misdirected payments and all damages, costs, and attorneys' fees arising from Plaintiff's lawsuit against Yuejie.

<strong><u>COUNT II - NEGLIGENT MISREPRESENTATION</u></strong>

34.    Yuejie incorporates by reference its allegations in Paragraphs 1-27 above as if fully set forth herein.

35.    In the course of their business and in transactions in which they had a pecuniary interest, Third-Party Defendants supplied false information to Yuejie for its guidance regarding the proper recipient of Yuejie's invoice payments.

36.    Third-Party Defendants failed to exercise reasonable care or competence in obtaining or communicating this information.

37.    Yuejie justifiably relied on Third-Party Defendants' representations.

38.    Yuejie suffered pecuniary loss as a direct and proximate result of its reliance on Third-Party Defendants' false information, including the misdirected payments and all damages, costs, and attorneys' fees arising from Plaintiff's lawsuit against Yuejie.

<strong><u>COUNT III – BREACH OF CONTRACT</u></strong>

39.    Yuejie incorporates by reference its allegations in Paragraphs 1-27 above as if fully set forth herein.

40.    The Contractor Agreement is a valid and enforceable contract between Yuejie and A&O.

6

41.    Yuejie fully performed its obligations under the Contractor Agreement.

42.    A&O materially breached the Contractor Agreement by directing Yuejie to remit invoice payments in violation of A&O's obligations under the Factoring Agreement.

43.    A&O further breached the Contractor Agreement by misrepresenting its authority to receive invoice payments directly from Yuejie.

44.    A&O further breached the Contractor Agreement by failing to comply with all applicable laws in the performance of services thereunder.

45.    Yuejie suffered damages as a direct and proximate result of A&O's breaches, including the misdirected payments and all damages, costs, and attorneys' fees arising from Plaintiff's lawsuit against Yuejie.

### COUNT IV – CONTRACTUAL INDEMNIFICATION

46.    Yuejie incorporates by reference its allegations in Paragraphs 1-27 above as if fully set forth herein.

47.    The Contractor Agreement is a valid and enforceable contract between Yuejie and A&O.

48.    The Contractor Agreement contractually obligated A&O to indemnify, defend, and hold harmless Yuejie from all claims, damages, losses, and expenses, including attorneys' fees arising from A&O's performance of services, A&O's breach of the Contractor Agreement, or any act or omission of A&O or anyone A&O employs or controls.

49.    Plaintiff's claims against Yuejie in this action arise directly from A&O's acts, omissions, and breaches of the Contractor Agreement.

50.    Yuejie has incurred and will continue to incur losses covered by the indemnification clause, including defense costs and any damages awarded to Plaintiff.

51.     A&O has failed and refused to fulfill its indemnification obligations to Yuejie.

52.     Yuejie is entitled to full indemnification from A&O for all damages, judgments, costs, and attorneys' fees arising from or related to Plaintiff's claims against Yuejie in this action.

## COUNT V – CIVIL CONSPIRACY

53.     Yuejie incorporates by reference its allegations in Paragraphs 1-27 above as if fully set forth herein.

54.     A&O, Ms. Pagan, and Mr. Lopez are each members of a combination of two or more persons for purposes of a civil conspiracy claim to commit fraud on Yuejie.

55.     A&O, Ms. Pagan, and Mr. Lopez reached a meeting of the minds to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means — specifically, to fraudulently redirect Yuejie's invoice payments in violation of A&O's obligations under the Factoring Agreement and to the detriment of Yuejie.

56.     Each of A&O, Ms. Pagan, and Mr. Lopez committed overt acts in furtherance of this conspiracy, including Ms. Pagan's execution of the Factoring Agreement while concealing A&O's obligations thereunder, and Mr. Lopez's September 3, 2025, email directing Yuejie to redirect invoice payments away from Plaintiff and to A&O.

57.     Yuejie suffered damages as a direct and proximate result of Third-Party Defendants' acts in furtherance of the conspiracy.

58.     Yuejie's damages include the misdirected payments and all damages, costs, and attorneys' fees arising from Plaintiff's lawsuit against Yuejie.

## COUNT VI – CONTRIBUTION AND/OR INDEMNIFICATION

59.     Yuejie incorporates by reference its allegations in Paragraphs 1-27 above as if fully set forth herein.

8

60.    Plaintiff has asserted claims against Yuejie seeking damages of $359,101.94 for invoice payments made by Yuejie to A&O at the direction of A&O, Ms. Pagan, and Mr. Lopez.

61.    To the extent Yuejie is found liable to Plaintiff for any portion of those damages — which Yuejie expressly denies — such liability would be wholly attributable to the wrongful conduct of A&O, Ms. Pagan, and Mr. Lopez.

62.    Yuejie acted in good faith and in reasonable reliance on Third-Party Defendants' payment instructions at all relevant times and bears none of the fault giving rise to Plaintiff's claims.

63.    Under Texas law, a party compelled to pay damages attributable to the wrongful conduct of another is entitled to contribution and/or indemnification from the responsible party.

64.    Yuejie is therefore entitled to contribution and/or indemnification from A&O, Ms. Pagan, and Mr. Lopez, jointly and severally, for the full amount of any judgment entered against Yuejie in this action, together with all costs and attorneys' fees incurred by Yuejie in defending Plaintiff's claims.

## COUNT VII - UNJUST ENRICHMENT

65.    Yuejie incorporates by reference its allegations in Paragraphs 1-27 above as if fully set forth herein.

66.    Third-Party Defendants obtained a benefit from Yuejie in the form of invoice payments totaling $410,000.00.

67.    Third-Party Defendants obtained this benefit through fraudulent misrepresentations made to Yuejie regarding the proper recipient of Yuejie's invoice payments.

68.    Third-Party Defendants have retained this wrongfully obtained benefit.

69.    Third-Party Defendants' retention of this benefit has caused harm to Yuejie.

70.     It would be inequitable and unjust to permit Third-Party Defendants to retain the benefit of the misdirected payments without compensating Yuejie for its losses.

### **PRAYER FOR RELIEF**

Wherefore, Defendant/Third-Party Plaintiff Yuejie Inc. respectfully prays that this Court enter judgment in its favor and against Third-Party Defendants A&O Direct Jobs, Dayana Pagan, and Francisco Lopez, jointly and severally, as follows:

1. Awarding Yuejie actual damages in an amount to be determined at trial, including but not limited to the $410,000.00 in invoice payments wrongfully redirected to A&O by Third-Party Defendants;

2. Awarding Yuejie damages arising from Third-Party Defendants' fraud, including all losses incurred by Yuejie as a result of its justifiable reliance on Third-Party Defendants' false representations;

3. Awarding Yuejie damages arising from Third-Party Defendants' civil conspiracy, including all losses caused by Third-Party Defendants' concerted scheme to fraudulently redirect Yuejie's invoice payments;

4. Awarding Yuejie damages arising from A&O's breach of the Contractor Agreement, including all losses flowing directly from A&O's material breaches thereof;

5. In the event any judgment is entered against Yuejie in favor of Plaintiff, awarding Yuejie contribution and/or indemnification from Third-Party Defendants, jointly and severally, for the full amount of such judgment;

6. Awarding Yuejie indemnification from A&O pursuant to the Contractor Agreement for all damages, costs, and expenses incurred by Yuejie as a result of Plaintiff's claims against Yuejie in this action;

7. Awarding Yuejie restitution of the $410,000 in unjust enrichment;

8. Awarding Yuejie its reasonable attorneys' fees and costs of suit, including pursuant to Section 12.2 of the Contractor Agreement;

9. Awarding Yuejie pre-judgment and post-judgment interest at the maximum rate permitted by law; and

10. Granting Yuejie such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Third-Party Plaintiff, Yuejie, hereby demands a trial by jury on all issues so triable.

DATED: April 10, 2026

Respectfully submitted,

*/s/ Stevenson Moore*
Hao Ni
Texas Bar No. 24047205
Neal Massand
Texas Bar No. 24039038
Stevenson Moore
Texas Bar No. 24076573
NI WANG & MASSAND PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, Texas 75231
Telephone: (972) 331-4600
Email: hni@nilawfirm.com
Email: nmassand@nilawfirm.com
Email: smoore@nilawfirm.com

**ATTORNEYS FOR DEFENDANT YUEJIE INC.**

## CERTIFICATE OF SERVICE

I hereby certify, that on Friday, April 10, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the Northern District of Texas and all counsel of record were served with the same via ECF.

*/s/ Stevenson Moore*
Stevenson Moore

11